JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA BARRY AND KIRSTEN COOK, <br><br> Plaintiffs, <br><br> v. <br><br> SHERRIE HONER, CHARLES MARGINES, KENNETH ALAN COOK, AND SUPERIOR COURT OF CALIFORNIA, ORANGE COUNTY, <br><br> Defendants. | Case No.: SACV 17-01032-CJC(JCGx) <br><br> **ORDER *SUA SPONTE* DISMISSING PLAINTIFFS' CASE** |

On June 14, 2017, Plaintiffs Patricia Barry and Kirsten Cook filed this case against Orange County Superior Court Judge Sherrie Honer, Orange County Superior Court Presiding Judge Charles Margines, Kenneth Alan Cook, and the Orange County Superior Court itself. (Dkt. 1.) *Inter alia*, their Complaint alleges that Judge Honer violated their

-1-

due process rights through various rulings and procedural decisions, (*id.* ¶¶ 49–59), seeks declaratory relief that Judges Honer and Margines violated the Supremacy Clause of the United States Constitution and their state court oaths of office, (*id.* ¶¶ 60–63), that Alan Cook conspired with Judge Honer to interfere with Kirsten Cook's civil rights, (*id.* ¶¶ 65–68), and that Orange County Superior Court is vicariously liable for Judge Margines' failure to refer Judge Honer to the California Commission on Judicial Performance ("CJP") and Judge Honer's unconstitutional interference with Kirsten Cook's constitutional rights, (*id.* ¶¶ 69–76). They seek compensatory and punitive damages from Judge Honer; an Order directing Judge Honer to vacate and set aside her May 12, 2017, order; a declaratory judgment that (1) Judge Honer lacked subject matter jurisdiction while a prior case from this Court involving Barry, Kirsten Cook, and Alan Cook was on appeal, (2) Judge Margines failed to train and education Judge Honer, and (3) Judge Margines failed to refer her to the CJP; and an injunction ordering Orange County Superior Court to "provide meaningful training to all judges regarding subject matter jurisdiction, reporting unethical judges, . . . and other issues related to misconduct as alleged in [the C]omplaint." (*Id.* at Prayer.)

The Complaint purports to primarily be based on Judge Honer's order directing Kirsten Cook to remove material from a website that Kirsten Cook and Barry linked to in briefing in a prior case before this Court, *Cook v. Dragna et al.*, Case No. 15-01448 CJC(JCGx). Kirsten Cook and Barry seem to believe that Judge Honer's order regarding the website somehow impacted their ability to produce documents in the *Cook v. Dragna* case. (*See* Dkt. 1 ¶¶ 2–4, 11, 23.) However, much of the complaint regurgitates various conspiratorial allegations made in the *Cook v. Dragna* case against various individuals. (*E.g.*, *id.* ¶¶ 6–7, 15–18, 34–42, 45.)

Simply stated, Kirsten Cook and Barry's Complaint is patently frivolous. Their claims are barred by, *inter alia*, judicial immunity, *res judicata*, and the Anti-Injunction

Act. It offends this Court and our Federal system to be asked to serve as an appellate forum to relitigate unfavorable decisions in the Superior Court. That is a function this Court cannot, should not, and will not countenance. Furthermore, Judge Honer's purported order on their publically-available website did not infringe on any order of this Court nor did it in any way usurp this federal jurisdiction. As there is unequivocally no legal or factual basis for their claims, the Court DISMISSES them WITH PREJUDICE.

The Court is quite troubled by Kirsten Cook and Barry's propensity to abuse the judicial process by filing baseless lawsuits. Their conduct verges on being vexatious. The Court reminds them in the strongest terms that Federal Rule of Civil Procedure 11 applies to them and bars them from bringing claims, such as these, which wholly lack a factual or legal basis. Rule 11 mandates that filings not be made for improper purposes, such as to harass; that they make legal claims warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law; and that their factual contentions have or are likely to have evidentiary support. The Court hereby WARNS Kirsten Cook and Barry that further filings that contravene Rule 11 may result in sanction proceedings.

DATED: June 27, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE